PER CURIAM.
Defendant insurance company seeks reversal of an adverse final summary judgment entered in favor of the plaintiff insured as to liability in this action to recover for the loss of a boat.
On November 5, 1975 Yasuda Fire and Marine Insurance Company of America issued an insurance policy to Rene Rodriguez covering his boat and trailer against loss due to theft. On December 19 plaintiff’s boat and trailer were stolen and he reported the theft to the local police and defendant insurance company. An adjuster for the defendant contacted plaintiff and subsequently alleged in his deposition that plaintiff was not cooperative. There also appeared to be some discrepancy as to the description of the boat’s engine given to the police and the description of the engine in the insurance policy. Nevertheless, after *669 obtaining a picture of plaintiffs boat, the adjuster conducted an unsuccessful search. On the grounds of the engine discrepancy and the lack of cooperation on plaintiffs part, defendant refused to reimburse the plaintiff for his loss. Plaintiff then filed suit seeking damages for breach of the insurance contract. Pretrial discovery ensued and plaintiff filed a motion for summary judgment on the issue of liability. After argument of counsel, the trial judge entered summary judgment against defendant based on the following:
“1. That the Plaintiff in his Motion for Summary Judgment has successfully met his burden of clearly and conclusively proving a negative, i. e. the nonexistence of a genuine issue of material fact. The Plaintiff’s proof as demonstrated by an extensive record as above reflected is such as to overcome any and all reasonable inferences which may or could be drawn in favor of the Defendant.
“2. Having found that the Plaintiff has successfully met his burden as above set out, it is the further finding of this Court that the Defendant has failed to show that any issues remain to be tried

Defendant insurance company appeals and argues that issues of fact remained as to whether plaintiff misrepresented the description and value of the boat and whether he failed to cooperate with the company.
After a review of the record and consideration of the briefs and argument of counsel, in light of the controlling principles of law we conclude that no reversible error has been made to appear. See Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Affirmed.